## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| RICHARD E. MOYLAN,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>AXE MURDERER TOURS, INC., ET AL.,<br><br>Defendants/Counter-claimants.<br><br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS. | Superior Court Case No. <u>CV0760-16</u><br><br><br>**DECISION AND ORDER RE DEFENDANT AXE MURDERER TOURS GUAM/BEACH HOUSE'S MOTION FOR RECONSIDERATION** |

The Court here considers Defendant/Counterclaimant Axe Murderer Tours Guam/Beach House's (AMT) Motion for Reconsideration of the Court's December 13, 2018 Decision and Order re Motion to Dismiss Counterclaims and Third-Party Claims. Finding no merit to AMT's motion, the Court DENIES it.

In its Decision and Order, the Court determined that Plaintiff Richard E. Moylan and Third Party Defendant Douglas Moylan prevailed in their Motion to Dismiss certain of AMT's counterclaims based on the Citizen Participation In Government Act of 1998, 7 GCA Ch. 17 (CPGA).[1] The CPGA immunizes citizens who petition the government for relief from being sued for such activity. 7 GCA § 17104. The Court determined that AMT's Counterclaims and Third Party Claims for Harassment and Tortious Interference with Business Relations--based in part on the Moylans seeking assistance from government entities on over four occasions

---

[1] The Court also denied the Motion with respect to counterclaims brought by Paseo View Properties, Inc. and E.C. Development, LLP.

ORIGINAL

regarding AMT's possible environmental violations and fire hazards--violated the CPGA. Dec. and Order at 8-11 (Dec. 13, 2018). However, the Court also denied the dismissal of Counterclaims and Third Party Claims concerning trespass, nuisance, and violent conduct, finding that these activities did not fall under the CPGA. Dec. and Order at 11-14.

AMT offers three arguments in support of reconsideration: (1) the Court should impose a requirement that a motion brought under the CPGA be denied unless the allegedly protected activity was "solely" based on, related to or in response to any act of the moving party in furtherance of the moving party's rights; (2) the Moylans are not entitled to relief because they are not a dismissed party; and (3) Guam's CPGA statute is unconstitutional.

Under CVR 7.1(i), a court may reconsider a prior order

> Only on the grounds of (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change of law occurring after the time of such decision, or, (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

CVR 7.1(i). As the Supreme Court of Guam instructs, reconsideration may be granted where the trial court "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10. Furthermore, motions for reconsideration "are both procedurally and substantively deficient if they simply reiterate in greater detail arguments previously made before the court." *Guam Bar Ethics Comm. v. Maquera*, 2001 Guam 20 ¶ 9 (quotations omitted).

On the first issue, AMT contends that the Court erred in not following *Sandholm v. Kueckler*, 962 N.E.2d 418 (Ill. 2012). *Sandholm* analyzes Illinois' anti-SLAPP[2] statutes and

---

[2] SLAPP is an abbreviation of "Strategic Lawsuit Against Public Participation," which the CPGA forbids. 7 GCA § 17102(a).

ORIGINAL

limits when parties are immune from suit due to the exercise of their rights to petition. Illinois' anti-SLAPP statute shares many features with Guam's statute. Both statutes:

- Aim to "protect and encourage citizen participation in government to the maximum extent permitted by law." 7 GCA § 17102(b)(1); 962 N.E.2d at 428.

- Strive to create a more equitable balance between the rights of persons to file lawsuits and to trial by jury, and the rights of other persons to petition, speak out, associate and otherwise participate in their governments. 7 GCA § 17102(b)(2); 962 N.E.2d at 428.

- Must be read liberally to fully effectuate their purposes and intent. 7 GCA § 17108; 962 N.E.2d at 429.

- Subject a claim to dismissal if it is "based on, relates to or is in response to any act of the moving party in furtherance of the moving party's rights" as described in 7 GCA § 17104. 7 GCA § 17105; 962 N.E.2d at 430.

In *Sandholm*, however, Illinois clarified what types of suits prevail on anti-SLAPP motions. Upon review of the Illinois statute's "clear legislative intent . . . to subject only meritless, retaliatory SLAPP suits to dismissal," the Illinois Supreme Court "construe[d] the phrase 'based on, relates to or is in response to' . . . to mean *solely* based on, relating to, or in response to 'any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government.'" 962 N.E.2d at 430. AMT urges the Court to apply Illinois' limitation here.

The Guam Supreme Court analyzed *Sandholm* in *Enriquez v. Smith*, 2015 Guam 29. The defendant in *Smith* complained to the Guam Board of Examiners for Dentistry ("Dental Board") over treatment received at a dental clinic by Dr. Hugh Sule and a dental auxiliary, Salvador

ORIGINAL

Enriquez. The Dental Board ultimately filed a disciplinary case against both Dr. Sule and

Enriquez and as a result, Enriquez sued Smith for various torts. Smith responded by moving to

dismiss under the CPGA.

Enriquez asked that the Guam Supreme Court adopt *Sandholm*, but the Guam Supreme

Court found *Sandholm* to be distinguishable.

> Unlike this case, where Enriquez's lawsuit is entirely premised on
> communications made by Smith to the Dental Board in her complaint or in
> assisting with the Board's investigation, many of the allegedly defamatory
> statements made in *Sandholm* were not made to a government board and
> occurred outside the scope of protected petitioning activities. . . . [T]he
> substance of the communications in *Sandholm* consisted entirely of character
> attacks on the plaintiff's coaching and interaction with students. These
> communications were not directed toward any government employee or entity . .
> . . By contrast, Smith's communications in the present suit were made directly
> to government officials in their capacity as a government body and related
> directly to their duties of protecting public health and welfare. Such conduct
> forms the very core of protected petitioning activity under Guam's anti-SLAPP
> statute.

2015 Guam 29 ¶ 16. This passage convinces this Court that Guam should not follow the Illinois

approach under the present circumstances. In distinguishing *Sandholm*, the Guam Supreme

Court focused on whether a petition was presented to a government entity. While a parallel

exists in that *Sandholm* involved a government petition plus character attacks, and the Moylans

submitted government petitions plus allegedly trespassed, created nuisances, and struck an AMT

employee, the Moylans' petitions still met the traditional definition of public participation by

requesting the assistance of government entities to protect the public health and welfare. Based

on the contents of those petitions--which addressed the safe storage of compressed gases and

hazardous chemicals--this Court stands by its prior ruling that the Court cannot say "without

hesitancy" that the Moylans' conduct was a sham. To the contrary, the Moylans' inquiries with

ORIGINAL

government agencies resemble "the very core of protected petitioning activity." *Enriquez*, 2015 Guam 29 ¶ 16.

To deny dismissal because the Moylans committed other unprotected conduct in addition to their government petitions disallows persons who participate in public forums from being protected under the CPGA. Construing the statute in a way that fails to safeguard public participation countermands the purpose of the law. It creates a precedent in which a plaintiff can strategically chill speech and protected government petitioning by simply adding multiple causes of action (e.g., libel, slander, tortious interference with business relations, and violations of constitutional rights). In that way, no cause of action and no lawsuit will ever "solely" concern another person's rights to petition.

Moreover, meeting the "solely" test becomes procedurally difficult given the suspension of discovery under the CPGA. 7 GCA § 17106(b).[3] A party defending its public participatory conduct may face challenges in proving the underlying intent of a SLAPP lawsuit when limited to using the pleadings and whatever affidavits it can obtain without the benefit of discovery. Under the CPGA's procedural structure, using Illinois' restrictions may end up strong arming litigants--who otherwise would be protected under anti-SLAPP statutes--into prolonged litigation and settlement. These outcomes fail to secure and encourage citizen participation to the maximum intent, again contrary to the CPGA's purpose. 7 GCA § 17102(b)(1).

The Court therefore upholds its analysis in its Decision and Order and finds following *Sandholm* to be inadvisable under the circumstances presented.

---

[3] AMT has also argued that the law's suspension of discovery hampers its ability to prove the Moylans committed a sham. *See, e.g.,* AMT's Proposal For Briefing Issues Before the Court (Oct. 9, 2019). However, the law clearly states that "discovery shall be suspended." 7 GCA § 17106(a). The Court is not at liberty to deviate from the plain language, and must at the same time liberally construe the CPGA to effectuate its purposes and intent. 7 GCA § 17108.

ORIGINAL

AMT's second basis for reconsideration concerns "whether the CPGA has been activated by the court's decision since neither the Plaintiff nor the Third-Party Defendant have been dismissed as a result of the December 13, 2018 Decision and Order." Mot. at 7 (Oct. 29, 2019). AMT focuses on the language in section 17106(g): "the court shall award a moving *party* who is dismissed" the costs of litigation including attorney's fees and additional sanctions. (Emphasis added.)  AMT questions whether attorney's fees can be awarded if the Moylans are not dismissed as other claims remain alive.  However, section 17106(h) makes clear that the Moylans may seek attorney's fees as a result of AMT's violation of the Moylans' petitioning rights by bringing a claim seeking relief on that petitioning activity:  "A person damaged or injured by reason of a *claim* filed in violation of their rights . . . may seek relief in the form of a claim for actual or compensatory damages, as well as punitive damages, attorney's fees and costs, from the person or persons responsible." 7 GCA § 17106(h) (emphasis added).[4]  The court therefore finds that the Moylans may still receive remedies once the Court has determined that a SLAPP claim has been brought, regardless of whether other claims remain alive after the disposition of a CPGA dismissal motion.

Finally, AMT asks the Court to review the constitutionality of the CPGA.  AMT introduces a 2017 case from Minnesota and a 2015 case from Washington which examined those jurisdictions' anti-SLAPP statutes.  AMT admits that both of those cases existed prior to the filing of the Moylans' motion to dismiss and AMT's opposition to that motion.  Since there is no

---

[4] The CPGA discusses dismissed "claims" in two other subsections:  (1) "This Chapter applies to any motion to dispose of a *claim* . . . ." 7 GCA § 17105 (emphasis added); and (2) "The court shall grant the motion and dismiss the judicial *claim*, unless the responding party has produced *clear and convincing* evidence that the acts of the moving party are not immunized from liability by § 17104." 7 GCA § 17106(e) (first emphasis added).

ORIGINAL

"change of law" and AMT could have raised these arguments earlier, AMT has not met the standard for reconsideration.

For these reasons, AMT's Motion for Reconsideration is DENIED.

SO ORDERED this 30th day of December 2020.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

that a copy of the
hereto was placed
box of:
P. Moylan, Gumataotao,
Cook, Thompson
Date: 12/30/17 3pm

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:

Douglas B. Moylan, Esq., Law Offices of Douglas B. Moylan, for Plaintiff/Counter-Defendant
     Richard E. Moylan

Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for
     Plaintiff/Counter-Defendant Richard E. Moylan and Third-Party Defendant Douglas B.
     Moylan

Jeffrey Cook, Esq., Law Offices of Cunliffe & Cook, for Defendant Axe Murderer Tours
     Guam/Beach House

Mitchell Thompson, Esq., Thompson Thompson & Alcantara, P.C., for
     Defendant/Counterclaimant/Third-Party Plaintiff E.C. Development, LLP, and Defendant
     Paseo View Properties, Inc.

ORIGINAL